# BENNETT a. LEROY.

*New York Superior Court ; Special Term, July,* 1857.

INJUNCTION ON PROCEEDINGS AT LAW.— POWERS OF COURTS.— CONTEMPT.

After the commencement of an action in the N. Y. Superior Court, the defendant therein obtained in the Supreme Court an injunction restraining the plaintiff in the Superior Court from prosecuting the action. Notwithstanding the injunction, the plaintiff proceeded to enter judgment on failure to answer. The defendant thereupon moved, in the Superior Court, to vacate the judgment; but the court held it regular, yet allowed defendant twenty days to come in and answer, upon condition that he consented to a modification of the injunction. During the twenty days, and before serving any answer, defendant moved in the Supreme Court to punish plaintiff for contempt, in violating the injunction; whereupon plaintiff moved in the Superior Court to vacate the order opening the judgment.

*Held,* 1. That the Superior Court would not require defendant to waive his motion in the Supreme Court, as the condition on which he would be allowed to come in and answer. The question whether any contempt of the Supreme

Court had been committed by plaintiff must be left to be adjudicated in that court.

2. That the order of the Superior Court, holding the judgment regular yet allowing the defendant to come in upon terms, did not impair or affect the right of the defendant to pursue the proceedings instituted by him in the Supreme Court, on the alleged contempt. When a court of equity has restrained a party from proceeding at law, and he, notwithstanding, proceeds, it is discretionary with the court of law to sustain or vacate his proceedings therein ; but the exercise of this discretion does not preclude the court of equity from inquiry into the contempt.

3. That the former order of the Superior Court should be so modified as to require the defendant to elect *instanter* instead of within twenty days, whether the judgment should be continued in force, or opened on the terms specified.

Motion to vacate an order allowing a defendant to come in and answer after judgment by default, on complying with certain terms within twenty days.

Woodruff, J.—It appears by the papers laid before me, that after this action was commenced, the defendant filed a bill in the Supreme Court, and on April 14, 1857, obtained an injunction order from one of the justices of that court, directing the plaintiff, and her attorneys, &c., to refrain from further prosecuting this action. On the 4th of June thereafter (no answer having been put in by the defendant in this action), the plaintiff entered judgment herein against the defendant for $3905.84, and execution thereon was issued.

On June 20, 1857, an order was obtained by the defendant requiring the plaintiff to show cause why the judgment so entered, and all proceedings in this action subsequent thereto, should not be set aside for irregularity, in this, that the judgment was entered in violation of the said order of the justice of the Supreme Court; and why such further or such other relief should not be granted as might be proper.

The motion came on to be heard before Mr. Justice Bosworth.[*] He held that the entry of the judgment in this court was regular, but in the exercise of his discretion he permitted the defendant to come in and answer, within twenty days, vacating and setting aside the judgment and subsequent proceedings, upon terms, viz., upon payment by the defendant of the costs of the judgment and subsequent proceedings, including the sheriff's

---

[*] The proceedings upon this motion are reported Ante, 55.

fees, and also the costs of the motion, within such twenty days; and also on condition that the defendant serve with the answer a stipulation that an order be entered in the action in the Supreme Court, modifying the injunction so as to leave the plaintiff at liberty to proceed in this action;—in default of compliance with these conditions by the defendant, the motion was denied, with costs.

The order made by Justice Bosworth was served on the 3d of July, and on the same day an order was obtained by the defendant, from one of the justices of the Supreme Court, requiring the plaintiff and her attorneys, respectively, to show cause why they should not be punished, as for a contempt, in violating the said injunction order by further proceeding in the action in this court, entering up judgment and issuing execution while the said injunction order remained in force. The motion, under this last order, stands for hearing in the Supreme Court on the 9th of July instant.

The plaintiff, or her counsel, claiming that the motion thus about to be brought on in the Supreme Court is a virtual refusal to accept, or an election not to accept the relief granted to the defendant by the order made by Mr. Justice Bosworth, upon the conditions annexed thereto,—or that a motion to punish the plaintiff and her attorneys for the alleged contempt is inconsistent with the spirit and intent of such order, and that the twenty days allowed to the defendant to stipulate and answer herein was not given in order to enable him to take other measures in the mean time which should render the conditions upon which the indulgence was granted to him of no avail to the plaintiff,—now apply to vacate the order vacating the judgment, and to discharge the stay of proceedings, and for other relief, &c., and on the argument of the motion the grounds last above stated and other reasons were urged. It was also suggested that if upon these facts the order was not unqualifiedly vacated, it should be vacated, and the plaintiff be at liberty to proceed to the collection of her judgment, unless the defendant preferred to waive his motion in the Supreme Court to punish her and her attorneys for entering a judgment which was regularly entered.

So far as this application calls upon me to compel the defendant to waive his motion in the Supreme Court, on pain of having the judgment of this court enforced against him, it requires me

to decide either that the plaintiff and her attorneys have not been guilty of any contempt, or that they ought not to be punished for an alleged disobedience of the order of a justice of the Supreme Court; which disobedience, if it occurred, happened before any application was made by the defendant to this court. By an obvious implication it goes even further; it seems to call upon me to indulge an apprehension that those questions will not be decided rightly—else what occasion for any such restraint upon the defendant, whose motion in that court is, so far as it appears, lawful and regular?

When the defendant himself applied to this court for leave to open a judgment in all respects regular, and to put in an answer to the plaintiff's complaint, it was clearly just to the plaintiff to require that if that indulgence be granted, the plaintiff should be placed in a situation in which he could bring the issues so formed to trial and judgment.

The plaintiff's counsel would not, I am quite certain, for a moment insist that either of the questions above stated could properly be entertained by me on a direct application, and I do not deem it proper to consider them in the indirect manner in which they are involved in the present motion.

On the contrary, it is not to be questioned that the motion in the Supreme Court will be there disposed of according to law and agreeably to equity. If no contempt has been committed, it will be so declared. If the parties charged have not been guilty of any acts which it is the duty of that court to punish, no punishment will be inflicted. I cannot entertain the question whether that court will act justly in disposing of the motion.

The suggestion that the making of such a motion by the defendant is in violation of the intent and spirit of the order of this court, made on the defendant's application, is, I think, founded in a misapprehension. It is true that this court must be governed, in its control over its own judgments and over proceedings pending herein, by its own views, as well of its own jurisdiction as of the legal and equitable rights of the parties; and the court so acted in affirming the regularity of the judgment, and imposing the terms upon which indulgence should be granted to the defendant; but nothing in the order of the court indicates a design to purge, by order of this court, a contempt, if any had been committed, against another tribunal, or prejudg-

ing that question, to interpose its authority, directly or indirectly, for the purpose of affording protection.

When, before the union of legal and equitable jurisdiction in the same tribunal, a court of equity had restrained a party from proceeding at law, and he nevertheless proceeded to judgment, it was matter of discretion in the court of law to permit the judgment to stand—to permit its enforcement, or to stay proceedings thereon—or to open it. The exercise of this discretion did not preclude the court of equity from inquiring as it saw fit whether any contempt had been committed ; and that discretion was often exercised with the express design of leaving the defendant to his redress, if any, in the latter court.

Nor is the case before me properly likened to the condition which the court in discharging orders of arrest, when such discharge is discretionary, sometimes imposes on the defendant, viz., that he shall not prosecute for false imprisonment, &c. In those cases the plaintiff often acts under a mistake as to facts, or erroneous advice as to the law, in respect to which he is quite innocent; indeed, he is sometimes deceived or misled into error by the conduct of the defendant himself. Here, no such state of things exists.

The plaintiff and her attorneys here have voluntarily taken the responsibility and assumed the risk, if any there be, of proceeding to judgment in this court. If in that they committed any contempt, they did so with their eyes open, and they have no right to ask this court to interpose in their behalf by any indirect means to prevent inquiry before the tribunal whose order they are alleged to have violated. Whatever considerations ought to influence this court, if the questions involved in the motion referred to were properly presented here, can be and ought to be urged there, and we are not at liberty to doubt that they will have the same influence there which they should have here.

And, besides, as was suggested on the argument, if the defendant had availed himself of the opportunity afforded him, to open the judgment—had given the required stipulation, paid the costs, and answered the complaint—and the judgment had thereupon been vacated, he might still have submitted his motion to the Supreme Court, and urged upon that tribunal that their order had been disregarded. In that event we could

Bennett *a.* Le Roy.

hardly have been called upon to revoke the order, strike out the answer, and reinstate the judgment.

But there is a view of the subject which makes it proper that some modification be made of the order of this court. The plaintiff ought not, pending a motion to punish her and her attorneys for an alleged contempt in entering judgment, to be left in doubt whether the defendant will avail himself of the privilege of vacating the judgment or not. If, upon any view of their duty, the Supreme Court should conclude that the occasion requires them to proceed against the plaintiff and her attorneys, it may be of great moment that it be ascertained what is the actual state of the proceedings here. It should not be in the power of the defendant to treat the judgment as in full effect for the purposes of his motion there, and when it has served his purpose there, to return to this court and exercise the option which he is allowed by the order made here. He should decide whether he will accept the relief tendered to him, and for the reason that this may have an important influence upon the court before whom his motion is to be made. I am quite certain that had it occurred to Justice Bosworth, or been suggested that in the interval of twenty days allowed by his order the defendant might proceed by a motion to punish the plaintiff for entering up her judgment, he would have required the defendant to decide forthwith whether he would have the judgment vacated on the terms proposed, and would, at least, have required the immediate tender of the stipulation provided for in the order. If, after that, the defendant chose to apply to the Supreme Court, they would have at least the knowledge that the defendant had elected to litigate the plaintiff's rights in this court.

My conclusion is, therefore, that no order should be granted vacating the order of the 29th of June, made by Justice Bosworth, absolutely, nor vacating it, unless the defendant relinquish his motion in the Supreme Court.

But the order in question should be modified so as to require the defendant to elect instanter, and before making any motion to punish the plaintiff or her attorneys, whether he will avail himself of the privilege given him by the said order, and at the same time also to deliver to the plaintiff the stipulation in the said order required, consenting to a modification of the injunction as in the said order directed; in default of a compli-

ance with the order as so modified, the leave to answer and vacation of the judgment upon the other terms noticed in the order is withdrawn, and the plaintiff is at liberty to proceed upon her judgment as she may be advised. The costs of this motion should abide the event of this suit.

## CRANDALL a. BRYAN.

*Supreme Court, Seventh District; at Chambers, June,* 1857.

### ARREST.—FRAUD.—" OBLIGATION."

Fraudulent representations, or deceit, accompanied by damage, constitute a good ground of action in respect to a sale of lands as much as in respect to personal property.

It is not necessary that the papers presented as the basis of an application for an order of arrest on the ground of fraud, should make out every fact entering into the fraud by evidence which would be competent to establish it on a final recovery.

A statement of facts on information and belief may be sufficient to authorize an arrest, where the source of the information and the grounds of belief are disclosed, and the officer is satisfied, in the exercise of a sound judicial discretion, that the facts are *prima facie* established.

The case of Whitbeck *v.* Roth (5 *How. Pr. R.*, 143), to the same effect,—approved.

The word " obligation," as used in section 179 of the Code, subdivision 4,—which provides that defendant may be arrested when guilty of a fraud in incurring the obligation for which the action is brought,—is not used in its strict sense of special contract, but is equivalent to the words "legal liability" or "legal duty."

Motion to discharge defendant from arrest.

This action was brought by Jesse Crandall against James Bryan. The complaint stated that the plaintiff and defendant agreed to exchange lands, the plaintiff contracting to give a farm in Union, Monroe county, for lands in Barry county, Michigan, which defendant claimed to own;—that deeds were duly exchanged, the defendant representing that he had a good title to the Michigan lands, and that they were free from all encumbrances, although there was a squatter on them who had and